JOHN L. MARSHALL (Cal. Bar No. 145570)
TAHOE REGIONAL PLANNING AGENCY
P.O. Box 5310
Stateline Nevada, 89449
Tel: (775) 303-4882
jmarshall@trpa.gov

Attorney for Plaintiff
Tahoe Regional Planning Agency

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE REGIONAL PLANNING AGENCY,<br><br>    Plaintiff,<br><br>    vs.<br><br>JACOB PARKER,<br><br>    Defendant. | Case No.<br><br>COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF |

## I.  INTRODUCTION

1.  Plaintiff Tahoe Regional Planning Agency ("TRPA") files this action against Defendant Jacob Parker for civil penalties for multiple violations of the Tahoe Regional Planning Compact, Pub. Law 96-551, 94 Stat. 3233, Cal. Gov. Code §§ 66801 et seq., Nev. Rev. Stat. §§ 277.200 et seq. (1980) ("Compact"), and its implementing Code of Ordinances ("Code") arising out of his unauthorized mooring in Lake Tahoe and in violation of TRPA's Cease and Desist order.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to: (a) Article VI(j) of the Compact; and (b) 28 U.S.C. § 1331(a) in that this civil action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to Article VI(j)(2)(A) of the Compact in that for a civil action challenging an activity by a person undertaken upon a parcel of real property, venue lies in the federal judicial district where the real property is located. The activities underlying this enforcement action occurred on real property located within the United States District Court for the Eastern District of California. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) in that TRPA is informed and believes the Defendant Parker resides in this District, and the events and omissions giving rise to this action occurred in this District.

## III. PARTIES

4. Plaintiff TRPA is a legal entity created by the Compact. The Compact empowers TRPA to adopt a regional plan and implementing ordinances for land use in the Tahoe Region. Article VI of the Compact authorizes TRPA to bring enforcement actions to ensure compliance with the regional plan, implementing ordinances, rules, regulations, and policies.

5. Defendant Jacob Parker, a resident of South Lake Tahoe, California, is the registered owner of a watercraft, California license CF6402SZ. Defendant Parker's watercraft CF6402SZ is a 24-foot pontoon "party" boat.

## IV. GENERAL ALLEGATIONS

6. Lake Tahoe is one of the most extraordinary bodies of water in the world. Surrounded by the majestic peaks of the Sierra Nevada mountain range, the large (192 square

miles) and deep (average depth 1,200 feet) alpine lake is renowned for its spectacular water clarity. Mark Twain accurately referred to Lake Tahoe as the "fairest picture the whole earth affords."

7. The unique natural beauty of Lake Tahoe is directly attributable to its unparalleled water quality, vegetation, and scenic quality. Views from vantage points on and around Lake Tahoe reveal inspiring mountains, crystal clear waters, and vast forested landscapes. The open waters of Lake Tahoe are essential to the area's scenic quality because over-crowding of watercraft clutters the visual impact of one of the county's largest alpine lakes.

8. Maintaining the environmental health in the Tahoe Region, known as the "Jewel of the Sierra", is essential if the area is to continue its status as a unique natural treasure, as well as an international tourist destination. The environmental health of the Tahoe Region depends on preserving water quality, vegetation, and scenic quality.

9. The states of Nevada and California and the federal government created TRPA in 1969 (P.L. 91-148, 83 Stat. 380) and provided the Agency with increased regulatory authority in 1980 by passing the current version of the Compact. As directed by the Compact, TRPA adopted environmental thresholds carrying capacities ("thresholds") for nine different criteria, including Vegetation, Water Quality, and Scenic Quality. The Compact further directs that TRPA develop regulations to attain and maintain the environmental targets established by the thresholds.

10. In 1987, TRPA enacted its Regional Plan including the TRPA Code, a set of regulations through which the thresholds can be attained and maintained. The Code provides a comprehensive regulatory system that benefits residents and visitors alike by ensuring a high

quality of environmental standards in the Tahoe Region.  Tahoe residents especially benefit from the TRPA Code because its regulations significantly enhance property values.

11. Pursuant to the Compact and the Code, TRPA must approve all projects in the Tahoe Region.  Article II(h) of the Compact defines a "project" as "an activity undertaken by any person . . . if the activity may substantially affect the land, water, air, space or any other natural resources of the region."  Chapter 4 of the TRPA Code requires that all projects in the Tahoe Region obtain a TRPA permit prior to authorization unless the project is specifically identified as "exempt" or "qualified exempt".  Section 5.2 of Article V of the TRPA's Rules of Procedure require that each person undertaking a project in the Tahoe Basin establish an interest in the real property upon which the project is undertaken.

12. TRPA Code Chapter 84.10.1.A states that watercraft which remain in the shorezone or lakezone overnight shall be moored to legally existing buoys, boatlifts, boat slips, or other legally existing watercraft storage facilities.

13. TRPA is charged with maintaining the scenic quality of Lake Tahoe. Therefore, TRPA maintains control over the location and number of legal moorings in the Lake. While TRPA makes a reasonable effort to accommodate local residents and visitors' desires to experience Lake Tahoe from the water, the Agency must balance this with mitigation of scenic, noise, and water quality impacts that boaters can have to the Lake.

14. Regan Beach a littoral parcel, identified as Assessor Parcel Number 026-050-006. in the City of South Lake Tahoe, is owned by the City of South Lake Tahoe and serves as a public beach.  Regan Beach is not a marina.  Under TRPA's Code of Ordinances, any private watercraft that remains on the lake for more than 72 hours within a 2 week period must be legally moored; they cannot simply remain indefinitely anchored off-shore at a public beach.

TRPA staff have observed defendant Parker's watercraft moored offshore of Regan beach in excess of this maximum allowed exempt time (over 72 hours in a 2-week period).

15. Defendant Parker does not own or have any real property interest in Regan Beach.

16. Defendant Parker does not have any authorization to moor a boat offshore of Regan Beach.

17. On June 16 and June 30, 2021, TRPA identified that Defendant Parker had anchored watercraft CF6402SZ in Lake Tahoe without authorization. TRPA issued Defendant Parker a corrective action on both of those days, requiring the owner to remove the boat from Lake Tahoe immediately and contact TRPA.

18. On June 16, 2021, TRPA spoke with Parker by telephone and requested him to cease illegally mooring watercraft CF6402SZ off Regan Beach.  Parker disagreed with TRPA's authority to require him to remove his watercraft from Lake Tahoe or place it on a legal mooring but stated that he would comply.

19. On August 3, 2021, the watercraft was still not removed. TRPA mailed a Cease and Desist Order to Defendant Parker for the continued unauthorized mooring in Lake Tahoe, requiring that the watercraft be removed from the Lake immediately and that he contact TRPA. TRPA received no response from Defendant nor was any corrective action taken.

20. Despite multiple attempts to reach Defendants Parker, watercraft CF6402SZ was still in Lake Tahoe as of October 3, 2021.

21. On November 5, 2021, TRPA issued Defendant a Notice of Violation and Violation Report. TRPA has not received any response from Defendant Parker within the 21-day required response period.  TRPA therefore initiates this action.

22.     Under the Compact, any person who violates the Compact, TRPA ordinance, or regulation is subject to a civil penalty not to exceed $5,000 per violation per day the violation persists.

23.     The Compact authorizes TRPA to bring enforcement actions and to seek civil penalties and injunctive relief to stop future violations.

## V.  FIRST CAUSE OF ACTION

24.     TRPA incorporates herein by reference the allegations of paragraphs 1 through 23.

25.     Defendant Jacob Parker moored a watercraft in the waters of Lake Tahoe without authorization constituting a violation of TRPA Code Section 84.10.1.A.

26.     Defendant Parker violated TRPA Code by continuing his illegal conduct after issuance of TRPA's Cease and Desist Order.

27.     Defendant Parker violated the Compact and TRPA Code and is subject to civil penalties pursuant to Article VI(k).  Defendant Parker is subject to civil penalties for each individual violation of the Compact and TRPA Code as a result the unauthorized watercraft mooring in the waters of Lake Tahoe.

28.     The violations caused by the unauthorized mooring and rental concession operation were willful.

29.     Defendant Parker refused TRPA's attempts to resolve the violations caused by the unauthorized watercraft mooring and continued to use the watercraft moored illegally.

30.     A civil penalty and injunctive relief against Defendant Parker are necessary to deter illegal conduct, redress the environmental harm, and to disgorge the economic benefit attributable to the violations.

REQUEST FOR RELIEF

A. For each individual violation, a penalty assessed against Defendant Parker not to exceed $5,000 per violation per day the violations persisted.

B. An injunction ordering Defendant Parker to cease, without authorization from TRPA, mooring watercraft in Lake Tahoe.

C. Reasonable attorneys' fees and costs of suit incurred in this action.

D. Such other and further relief as the Court deems just and proper.

DATED: December 6, 2021.

TAHOE REGIONAL PLANNING AGENCY

By: /s/ John L. Marshall

Attorney for Plaintiff,
Tahoe Regional Planning Agency
jmarshall@trpa.gov
(775) 303-4882